**Zhenlu ZHANG,**

v.

**SCIENCE & TECHNOLOGY CORP., et al.**

**No. CIV.A.DKC 2004–0434.**

United States District Court, D. Maryland.

Aug. 4, 2004.

866

Bryan A. Chapman, Law Office of Bryan A. Chapman, Washington, DC, Michael Patrick Coyle, Law Offices of Michael P. Coyle, Columbia, MD, for Plaintiff.

JC Miller, Edward Lee Isler, Steven W. Ray, Ray and Isler, PC, Vienna, VA, for Science & Technology Corp.

Larry R. Seegull, Michelle M. Murray, Piper, Rudnick, LLP, Baltimore, MD, for Computer Science Corp.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination case is the motion by Plaintiff Zhenlu Zhang to amend his complaint pursuant to Fed.R.Civ.P. 15(a). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will deny Plaintiff's motion.

## I. Background

### A. Factual Background

The following facts are alleged by Plaintiff Zhenlu Zhang. On August 26, 2001, Defendant Computer Science Corporation (CSC), a government contractor, and Defendant Science and Technology Corporation (STC), a subcontractor to Defendant CSC, interviewed Plaintiff for a senior computer programmer position as part of their government contract with the National Oceanic and Atmospheric Administration (NOAA).

Defendants hired Plaintiff shortly after the interview and immediately assigned Plaintiff to a programming team supervised by a CSC manager. After some time, Defendant CSC moved Plaintiff to another programming team within the contract. Three weeks later, Defendants informed Plaintiff that he would be laid off in March 2002. At this time, Plaintiff appealed for his job to Barbara Banks, chief of NOAA's Information Processing Division and the primary manager of the Defendants' contract with NOAA. Plaintiff continued to work for Defendants until August 2002, when Defendants summoned Plaintiff to a meeting to inform him that he would be terminated the following month.

Plaintiff alleges that during the August meeting, he expressed to Defendants and Banks his belief that he was being discriminated against on the basis of his age. Although Banks agreed to investigate Plaintiff's allegations, Defendants summoned Plaintiff to another meeting on August 29, 2002, where they immediately terminated his employment.

### B. Procedural History

On February 19, 2004, Plaintiff filed a complaint against Defendant CSC and Defendant STC, alleging violation of the Age Discrimination in Employment Act (ADEA) and retaliation. Plaintiff now seeks to add NOAA as an additional defendant.[1] The amended complaint alleges that on August 28, 2002, Banks sent a memo to NOAA security officers cautioning them that Plaintiff was a threat to the safety of other employees and that Plaintiff should be barred from entering the

---

1. Plaintiff also had sought to add a defamation claim against a new defendant, Banks, but has now withdrawn this claim.

building. Plaintiff alleges that as a result of Banks' memo, Defendants terminated Plaintiff immediately thereafter and one month ahead of his scheduled termination date.

## II. Standard of Review

■ A party may move to amend a complaint pursuant to Rule 15(a) and "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Under Rule 15(a), "[t]he decision to grant a party leave to amend its pleadings rests within the sound discretion of the district court." *HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir.1996), *cert. denied*, 520 U.S. 1264, 117 S.Ct. 2432, 138 L.Ed.2d 194 (1997). The general and oft-cited rule is that leave sought should be freely given, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc...." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## III. Analysis

### A. *Failure to Exhaust Administrative Remedies*

■ Defendant STC challenges Plaintiff's motion for leave to amend by arguing, *inter alia*, that Plaintiff's proposed amended complaint "does not state a valid claim against NOAA" because Plaintiff did not name NOAA as a party "in the underlying EEOC charge." Paper no. 26, at 7. Defendant STC argues that because Plaintiff failed to name NOAA in its EEOC charge against Defendants CSC and STC for violations of the ADEA, Plaintiff cannot amend his complaint to add a claim against NOAA. The court agrees.

Prior to filing suit under the ADEA, an individual must give the Equal Employ-ment Opportunity Commission (EEOC) 60–days notice. *See Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1366 (4th Cir.) (citing 29 U.S.C. § 626(d)), *cert. denied*, 493 U.S. 850, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989). Furthermore, a plaintiff may bring an ADEA action "only 'against the respondent named in the [EEOC] charge.'" *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir.1998) (quoting 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e)). The purpose of the EEOC filing requirement is to put "the charged party on notice of the complaint" and allow the EEOC to attempt a reconciliation between the parties. *Id.*

■ Courts have adopted exceptions to the general rule that individuals may not bring suit against a party not named in an EEOC charge. *See Thomas v. Bet Sound–Stage Restaurant/BrettCo, Inc.*, 61 F.Supp.2d 448, 457 (D.Md.1999). The various factors taken into consideration when determining if an exception applies include: "(1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice." *Id.* at 457–58.

Here, Plaintiff argues that although he did not name NOAA in his EEOC charge, the court should recognize NOAA as a defendant because "NOAA's silence during the EEOC investigation certainly implied" that Defendants were not solely in control of Plaintiff's employment. Paper no. 24, at 9. However, Plaintiff fails even to allege facts sufficient to show that he is entitled to one of the above exceptions. Plaintiff does not show that NOAA and Defendants CSC and STC have similar interests in Plaintiff's employment. Nor does Plaintiff explain adequately why, at the time he filed his EEOC charge, he could not rea-

sonably identify NOAA as a party, especially since he was familiar with Banks during his employment. In sum, Plaintiff has not made a sufficient showing to avoid the general rule that a party may not be sued in federal court without being named in the prior requisite EEOC charge.[2] Plaintiff has failed to exhaust the required administrative remedies before filing suit against NOAA here and, therefore, this court would lack subject matter jurisdiction over Plaintiff's proposed claim against NOAA.

### B. Plaintiff's Employment Status

■■■ The record also indicates that Plaintiff has failed to allege that he was employed by NOAA, such that he can maintain an ADEA action against NOAA. The ADEA provides, in pertinent part:

> It shall be unlawful for an employer—to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1). Therefore, under the ADEA, "an individual only has a cause of action if he is an employee at the time of his termination." *Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 980 (4th Cir. 1983) (internal quotations omitted).

■■■ The ADEA defines "employee" merely as an "individual employed by any employer." 29 U.S.C. § 630(f). However, as the Fourth Circuit has interpreted this definition, each employment relationship is analyzed under both a common law test "derived from the principles of agency" and an "economics realities test." *Garrett*, 721 F.2d at 981. While the common law standard emphasizes the importance of an employer's control over an individual, the economics realities test labels employees as those individuals who "as a matter of economic reality are dependent upon the business to which they render service." *Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947). By combining these two standards, the Fourth Circuit takes into consideration the following factors when determining whether an individual is an employee:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; *i.e.*, by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Garrett*, 721 F.2d at 981 (internal quotation omitted); *see also Mangram v. Gen. Motors Corp.*, 108 F.3d 61, 62–63 (4th Cir. 1997). Under this framework, a plaintiff's claim fails when "he has not alleged facts which would establish that he was an employee or that an employment relationship was ever contemplated." *Mangram*, 108 F.3d at 63.

---

Nor is NOAA an "identical" entity as Defendants, such that Plaintiff can maintain his suit against NOAA "despite his failure to name [NOAA] specifically in his administrative complaint." *Alvarado v. Bd. of Trustees of Montgomery Cmty. College*, 848 F.2d 457, 461 (4th Cir.1988).

In the instant case, Plaintiff's complaint lacks the requisite facts to allege sufficiently that his employment status had been anything other than a government contractor employed by Defendants CSC and STC. Furthermore, Plaintiff even states that he "was hired by CSC and STC as a senior programmer to work on a project *contracted out* by NOAA." Paper no. 24, at 1 (emphasis added). Although the government contract brought Plaintiff to work at the NOAA facility, members of Defendants' management teams hired Plaintiff and discussed the terms of his salary with him. While working on the government contract, a CSC manager supervised Plaintiff's work. Finally, it was Defendants who terminated Plaintiff's employment, not Banks, the NOAA liaison. Therefore, Plaintiff fails to show NOAA's control over his employment or that NOAA satisfies enough factors enumerated in *Garrett* to establish an employer-employee relationship with Plaintiff.

## IV. Conclusion

For the foregoing reasons, the court will deny Plaintiff's motion for leave to amend to add claims against NOAA because permitting such amendment would be futile on both grounds. A separate Order will follow.[3]

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 4th day of August, 2004, by the United States District Court for the District of Maryland ORDERED that:

1. The motion by Plaintiff Zhenlu Zhang for leave to amend (Paper no. 24) BE, and the same hereby IS, DENIED;

2. The Clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

---

**3.** In his motion, Plaintiff indicated that he was also "clarifying the allegations in the original Complaint." Paper no. 24, at 1. It is unclear to the court whether any of these supposedly clarified allegations are still germane, now that the more significant amendments have been abandoned or rejected. Therefore, if Plaintiff still seeks to make clarifying amendments, he must file a new proposed amended complaint.